Being unable to agree with the majority's determination to reverse the judgment of the trial court, I respectfully dissent.
While I agree with the majority that no genuine issue of material fact exists regarding whether defendant suffered a blackout immediately prior to or during the accident, I disagree with the majority's conclusion that defendant failed to carry his burden of proving the blackout was unforeseeable.
"Sudden unconsciousness" is an affirmative defense to plaintiffs' complaint: "[w]here the driver of an automobile is suddenly stricken by a period of unconsciousness which he has no reason to anticipate and which renders it impossible for him to control the car he is driving, he is not chargeable with negligence as to such lack of control." Lehman v. Haynam (1956), 164 Ohio St. 595, paragraph two of the syllabus; see, also, Vinci v. Heimbach (Dec. 17, 1998), Cuyahoga App. No. 73440, unreported.
The burden was on defendant to prove his unconsciousness was unforeseeable. Lehman, supra, at 600. Defendant's testimony that he never suffered a blackout prior to the incident in question is sufficient to demonstrate unforeseeability. Cf. Castle v. Seelig (July 9, 1993), Huron App. No. H-92-059, unreported (acknowledging proof that defendant had not experienced a prior blackout was sufficient to demonstrate unforeseeability).
Plaintiffs nonetheless suggest defendant's diabetic condition, coupled with his lack of food, makes his blackout foreseeable. Plaintiffs' contentions are not supported factually or legally. Specifically, defendant noted he had eaten the evening before his test, and his eating schedule was not significantly different the day of the test from any other day. Moreover, his doctor had only advised that defendant was allowed to eat a light breakfast the morning of the test; he did not require it, despite defendant's diabetic condition.
While plaintiffs suggest the combination of defendant's diabetic condition, his taking Micronase tablets for that condition, his failure to eat breakfast, and his taking Citrate Magnesium as a laxative, are sufficient for a jury to conclude defendant's blackout under the circumstances was foreseeable, plaintiffs have presented no evidence demonstrating that such factors render a blackout foreseeable. Defendant submitted evidence that he was, and had been, on medication for his diabetes. Defendant normally did not eat breakfast early in the morning, and did not that morning. Despite having no breakfast, defendant had never suffered a blackout previously.
Because plaintiffs presented no evidence, medical or otherwise, to suggest such conditions translate into a foreseeable blackout, and thus presented no evidence to contradict defendant's evidence that his blackout was unforeseeable, I would overrule plaintiffs' second assignment of error and affirm the judgment of the trial court.